UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANYA STOVALL,

                  Plaintiff,

v.

ABSOLUTE RESOLUTIONS,
INVESTMENTS, LLC,

                  Defendants,

_____/

Civil Action No. 25-13814

Robert J. White
United States District Judge

David R. Grand
United States Magistrate Judge

### ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 12), PLAINTIFF'S MOTION FOR A DISCOVERY EXTENSION (ECF No. 21), AND DEFENDANT'S MOTION TO COMPEL (ECF No. 18)

On June 18, 2026, the Court held a telephonic status conference call in this case with *pro se* plaintiff Tanya Stovall ("Stovall") and counsel to defendant Absolute Resolutions Investments, LLC ("ARI") regarding three discovery-related motions.

First, "ARI's Motion to Compel Plaintiff's Deposition" (ECF No. 18) asked the Court to order Stovall to schedule a deposition with ARI.  Stovall objected because she wanted to retain counsel prior to the deposition.  Relatedly, Stovall filed a "Motion for a Thirty (30) Day Extension of the Discovery Deadline" so that she could attempt to retain counsel.  (ECF No. 21).

On the call, the parties agreed to a 30-day extension for Stovall to attempt to retain counsel, and an additional 30-day extension thereafter for ARI to take her deposition. Thus, ARI's "Motion to Compel Plaintiff's Deposition" **(ECF No. 18)** and Plaintiff's "Motion for a Thirty (30) Day Extension of the Discovery Deadline" **(ECF No. 21)** are

**GRANTED**.  Stovall shall have until **July 17, 2026**, to retain counsel, and ARI shall have until **August 21, 2026**, to take Stovall's deposition.  As the Court explained on the call, **August 21, 2026**, is the deadline for Stovall to submit to a deposition, **whether or not she retains counsel**.

The Court also discussed Stovall's "Motion to Compel Discovery Responses." (ECF No. 12).  The discovery requests at issue in Stovall's motion were served by her in a separate (but related) state court case; she did not serve them on ARI as part of this federal court action.  Nevertheless, ARI agreed to respond to the eight requests for documents enumerated on pages 31 and 32 of Stovall's motion.  (ECF No. 12, PageID.200-01).  ARI also agreed to produce all discovery from the aforementioned state court case, which took place in the 46th District Court under Case No. 24-04188-GC.  (ECF No. 14, PageID.217).  Finally, ARI agreed to produce the documents referenced in its initial disclosures.  ARI agreed to produce all of the foregoing materials to Stovall within 14 days; thus, **IT IS ORDERED** that ARI produce these materials to Stovall by **July 3, 2026**, and Stovall's motion **(ECF No. 12)** is **GRANTED** to that extent.  However, as Stovall did not properly serve the discovery requests on ARI (and ARI has agreed to produce the requested discovery), no sanctions are warranted, and Stovall's motion **(ECF No. 12)** is **DENIED** to that extent.

For the foregoing reasons, the deadline for discovery is now **September 4, 2026**, and the deadline for dispositive motions is now **October 9, 2026.**

**IT IS SO ORDERED.**

Dated: June 18, 2026                  s/David R. Grand
Ann Arbor, Michigan             DAVID R. GRAND
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2026.

                                   s/Eddrey O. Butts
                                   EDDREY O. BUTTS
                                   Case Manager